IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>KRISTA PARKER,<br><br>　　　　　　Defendant.<br>_____ | No.  CR 05-00922-TUC-CKJ [BPV]<br><br>**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR VIOLATION OF FIFTH AMENDMENT DUE PROCESS CLAUSE** |

　　　　The Defendant Krista Parker was indicted on four drug-related conspiracies and substantive counts for importation and possession with intent to distribute 261 kilograms of marijuana at the Lukeville Port of Entry on April 4, 2005.  The Defendant filed Motions to Dismiss for Violation of Fifth Amendment (Docket # 37) and for Multiplicity of the Indictment (Docket # 36).  The Government filed its Responses (Docket # 39 and # 40).

　　　　The matters eventually came for Evidentiary Hearing before the Court on January 12, 2006.  The Government called Special Agent Rick Perez (ICE), Seized Property Specialist Maureen Sullivan (ICE), and Fines, Penalties & Forfeiture Officer Carmen Dominguez (USCBP).

　　　　The Court having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order:

　　　　1)　　**DENYING** Defendant's Motion to Dismiss Indictment for Multiplicity; and

　　　　2)　　**DENYING** Defendant's Motion to Dismiss for (Destruction of Marijuana)

1  Fifth Amendment Violation.

2  ## **FACTS**

3  On April 4, 2005, Krista Parker and Jimmy Piedra approached the Lukeville Port
4  of Entry from Mexico. Customs agents found 261 kilograms of marijuana in the
5  recreational vehicle Ms. Parker was towing. As a result of this discovery, Ms. Parker was
6  indicted for Conspiracy to Possess With Intent to Distribute (Count I); Possession With
7  Intent to Distribute (Count II); Conspiracy to Import (Count III); and Possession With
8  Intent to Import (Count IV).

9  After the marijuana was discovered, SA Rick Perez traveled to Lukeville to take
10 possession of core samples for testing and to identify a bulk package for trial usage. He
11 also was charged with providing for the storage, but not delivery of the marijuana to the
12 vault in Nogales. The discovering agency was responsible for delivering it to the vault.

13 According to the manual and the proper procedures created thereby, SA Perez was
14 supposed to notify both Maureen Sullivan and Carmen Dominguez of any seizure.
15 Specialist Sullivan was supposed to know what had been seized and was being stored by
16 Officer Dominguez. Officer Dominguez was supposed to store and destroy contraband
17 that was no longer of any evidentiary value. In this case, Specialist Sullivan was unaware
18 of the Parker marijuana having been seized and stored by Officer Dominguez. Specialist
19 Sullivan consequently was unable to notify the U.S. Attorney or SA Perez that destruction
20 of the marijuana was being contemplated. Officer Dominguez destroyed the marijuana
21 because she was required to do so by the Department of Justice rules and because the
22 absence of any communication from Perez, Sullivan, or the U.S. Attorney led her to
23 believe the destruction was appropriate.

24 The destruction occurred because case agents did not read the seizure manuals and
25 they were not being properly trained on storage of contraband. Since the Defendant's
26 Motion to Dismiss has been filed, Officer Dominguez and Specialist Sullivan
27 communicate with each other about all seizures (they have taken the testosterone out of
28 the storage and destruction of evidence function). Future inadvertent destruction of

evidence should diminish substantially.

## DISCUSSION

The Defendant seeks a dismissal of Counts I and II. The Government opposes the Motion. This Court recommends the Motions be denied because each Count requires the proof of different facts. Blockburger v. U.S., 284 U.S. 299, 304 (1932). See also Albernaz v. U.S., 450 U.S. 333 (1981), which basically permits all four Counts as returned by the Grand Jury.

With respect to dismissal based upon destruction of evidence, the Defendant must show "bad faith". Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988), and California v. Trombetta, 467 U.S. 479, 488-9 (1984). The evidence, at best, shows inexperience and improper training due to the high volume of new law enforcement hires and ever-increasing drug seizures. Furthermore, the experienced government specialists required to store and destroy contraband have taken steps to limit, if not end, the inadvertent destruction of contraband before judicial proceedings have no further use of the evidence.

In this case, the Government and the defense have 1) photos of the destroyed packaged marijuana; 2) a representative bale; 3) and chemical analysis of the core samples. From this evidence, the Government can ask the trial jury to infer or find how much marijuana the Defendant possessed.

The Defendant at trial may ask the Court to instruct the jury, ala Willits in state court, to infer that the Defendant did not possess as much marijuana as the Government contends she possessed, U.S. v. Thomas, 355 F3d 1191 (9th Cir. 2004), what the Government must prove, and U.S. v. Nordby, 225 F3d 1053 (9th Cir. 2000), what a jury must find.

## CONCLUSION

It is the recommendation of this Court that the District Judge, after his independent review and consideration, enter an Order **DENYING** both of Defendant's Motions to Dismiss (Docket # 36 and # 37).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 05-00922-TUC-CKJ.

DATED this 24th day of January, 2006.

Bernardo P. Velasco
United States Magistrate Judge