IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,       )<br>                                 )<br>          Plaintiff,             )<br>                                 )<br> vs.                             )<br>                                 )<br> KRISTA PARKER, et al.,          )<br>                                 )<br>          Defendants.            )<br>_____) | No. CR 05-922-TUC-CKJ (BPV)<br><br>**ORDER** |

On January 24, 2006, Magistrate Judge Bernardo P. Velasco issued a Report and Recommendation [Doc. # 55] in which he recommended that Defendant's Motion to Dismiss Counts One and Two as Multiplicitous [Doc. # 36] be denied and Defendant's Motion to Dismiss for (Destruction of Marijuana) Violation of Fifth Amendment Due Process Clause [Doc. # 37] be denied. Defendant has filed an Objection to the Report and Recommendation; the Government has filed a Response to Defendant's Objections and Defendant has filed a Reply.

*Motion to Dismiss Indictment for Multiplicity*

The Magistrate Judge recommended that the Motion to Dismiss Indictment for Multiplicity be denied because each count requires proof of different facts. *Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Albernaz v. United States*, 450 U.S. 333 (1981). Defendant asserts, however, that the Magistrate Judge assumed that the grand jury heard separate evidence as to each conspiracy and each substantive count without (apparently) reviewing the grand jury transcript.

1 However, federal courts exercise only a limited "supervisory power" over grand jury 2 proceedings, *United States v. Chanen*, 549 F.2d 1306, 1313 (9th Cir.), cert. denied, 434 U.S. 825, 3 98 S.Ct. 72, 54 L.Ed.2d 83 (1977), and they have no authority to review the sufficiency of the 4 evidence supporting an indictment. *United States v. Samango*, 607 F.2d 877, 880 n.6 (9th Cir. 5 1979). The Fifth Amendment bestows upon grand jurors a heavy responsibility, but lacking 6 evidence to the contrary, courts must presume that grand jurors have properly performed their 7 duties. *See Ostrer v. Aronwald*, 567 F.2d 551, 553-54 (2d Cir. 1977); *see also Costello v. United* 8 *States*, 350 U.S. 359, 363, 76 S.Ct. 406, 408, 100 L.Ed. 397 (1956) ("If indictments were to be 9 held open to challenge on the ground that there was inadequate or incompetent evidence before 10 the grand jury, the resulting delay would be great indeed. The result of such a rule would be that 11 before trial on the merits a defendant could always insist on a kind of preliminary trial to 12 determine the competency and adequacy of the evidence before the grand jury. This is not 13 required by the Fifth Amendment."). Courts must also presume that a grand juror who votes to 14 indict an individual on a particular count has heard sufficient evidence to believe that a trial on 15 that count is warranted. *Ostrer*, 567 F.3d at 554-54. Defendant's argument is an attempt to have 16 the Court review the sufficiency of the evidence presented to the grand jury.[1] However, 17 Defendant has not provided any basis for the Court to not presume that the grand jury heard 18 sufficient evidence to believe that a trial on each count is warranted. *See e.g., United States v.* 19 *Lunstedt*, 997 F.2d 665, 667 (9th Cir. 1993) (sufficiency of evidence is to be resolved at trial 20 and not at pretrial motions).

21 In general, an "indictment is multiplicitous if it charges a single offense in several 22 counts." *United States v. Rude*, 88 F.3d 1538, 1546 (9th Cir. 1996), *cert. denied*, 519 U.S. 23 1058 (1997). The test for multiplicity "is whether each separately violated statutory 24 provision 'requires proof of an additional fact which the other does not.'" *United States v.* 25 *McKittrick*, 142 F.3d 1170, 1176 (9th Cir. 1998), *quoting Blockburger*, 284 U.S. at 304.

---

[1] Indeed, Defendant asserts "that there is no grand jury evidence supporting a second agreement." Motion to Dismiss Counts One and Two as Multiplicitous, p. 3.

- 2 -

1 Count Two (Possession with Intent to Distribute Marijuana) requires proof of intent to
2 distribute, while Count Four requires proof of importation into the United States from any
3 place outside of the United States.  Count Two and Four are not, therefore, multiplicitous of
4 each other.

5       In conspiracy cases, the Ninth Circuit considers five factors to determine whether two
6 conspiracy counts charge the same offense:  "(1) the differences in the periods of time
7 covered by the alleged conspiracies; (2) the places where the conspiracies were alleged to
8 occur; (3) the persons charged as coconspirators; (4) the overt acts alleged to have been
9 committed; and (5) the statutes alleged to have been violated."  *United States v. Stoddard*,
10 111 F.3d 1450, 1454 (9th Cir. 1997), *quoting United States v. Guzman*, 852 F.2d 1117, 1120
11 (9th Cir. 1988).

12       In this case, the time periods covered by the conspiracies alleged in Counts One and
13 Three, the places where the conspiracies were alleged to occur, the persons charged as
14 coconspirators, and the overt acts appear to be the same.  However, the Conspiracy to
15 Possess with Intent to Distribute Marijuana is a violation of 21 U.S.C. § 841, while the
16 Conspiracy to Import Marijuana is a violation of 21 U.S.C. § 952.  Indeed, the government
17 may charge separate violations of each conspiracy statute in separate conspiracy counts in
18 a single indictment based upon the same agreement.  *Albernaz*, 450 U.S. at 344, n. 3
19 ("[C]onspiracy to import marihuana . . . and conspiracy to distribute marihuana . . . clearly
20 meet the *Blockburger* standard.  It is well settled that a single transaction can give rise to
21 distinct offenses under separate statutes without violating the Double Jeopardy Clause.").
22 The Court will adopt the Report and Recommendation as to the Motion to Dismiss Counts
23 One and Two as Multiplicitous.

24

25 *Motion to Dismiss for Violation of Fifth Amendment Due Process Clause*

26       The Magistrate Judge recommended that the Motion to Dismiss for Violation of Fifth
27 Amendment Due Process Clause be denied because no "bad faith" has been shown.  *Arizona v.*
28 *Youngblood*, 488 U.S. 51, 57-58 (1988) and *California v. Trombetta*, 467 U.S. 479, 488-89

1  (1984). Defendant asserts, however, that the issue of the quantity of drugs is subject to the same
2  due process restrictions as proof of every other element of the offense. *Apprendi v. New Jersey*,
3  530 U.S. 466 (2000). Defendant further asserts that, because the magistrate judge
4  characterized this issue as a *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 10 L.Ed.2d
5  215 (1963), violation and not a burden of proof – due process issue, Defense Objections, p.
6  2, the magistrate judge's recommendation is incorrect.
7        However, the United States Supreme Court has distinguished those cases in which the
8  government fails to disclose material exculpatory evidence from those cases in which the
9  government has failed to preserve evidentiary material. *See Illinois v. Fisher*, 540 U.S. 544,
10 547-48, 124 S.Ct. 1200, 1202, 157 L.Ed.2d 1060 (2004). In this case, "[t]he substance seized
11 from [Defendant] was plainly the sort of 'potentially useful evidence' referred to in
12 *Youngblood*, not the material exculpatory evidence addressed in *Brady* and [*United States
13 v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)]." *Illinois v. Fisher*, 540 U.S.
14 544, 548, 124 S.Ct. 1200, 1202, 157 L.Ed.2d 1060 (2004). Defendant has not provided any
15 authority that the due process test as set forth in *Youngblood* is not appropriate.
16       Defendant's assertion that the destruction of this evidence has resulted in effectively
17 depriving Defendant of any possible cross-examination fails to acknowledge the potential
18 damage that may be inflicted on an expert's testimony where the evidence has been
19 destroyed. Defendant does not set forth any basis to distinguish this case from all other cases
20 that involve the negligent destruction of evidence. Further, Defendant's argument that
21 analysis should be different post-*Apprendi* fails to consider that, after *Apprendi*, the Ninth
22 Circuit has recognized that, unless a criminal defendant can demonstrate "bad faith on the
23 part of the police," the failure of the police to preserve "potentially useful evidence" does not
24 constitute a denial of due process of law." *United States v. Martinez-Martinez*, 369 F.3d
25 1076, 1086 (9th Cir. 2004), *quoting Youngblood*, 488 U.S. at 58. Defendant has not
26 contested the Magistrate Judge's finding that the evidence presented at the hearing did not
27 support a finding of "bad faith." Therefore, the destruction of evidence does not constitute
28 a due process violation. The Court will adopt the Report and Recommendation as to the

1  Motion to Dismiss for Violation of Fifth Amendment Due Process Clause.

3      Accordingly, after an independent review, IT IS ORDERED:

4      1.    The Report and Recommendation [Doc. # 55] is ADOPTED;

5      2.    Defendant's Motion to Dismiss Counts One and Two as Multiplicitous [Doc. # 36] is DENIED, and;

7      3.    Defendant's Motion to Dismiss for Violation of Fifth Amendment Due Process Clause [Doc. # 37] is DENIED.

9      DATED this 9th day of March, 2006.

                                              Cindy K. Jorgenson  
                                              United States District Judge